**DLD-285** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2147

_____

IN RE: ADEBISI ADIGUN,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 3:20-cv-00012)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 13, 2020

Before: RESTREPO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 27, 2020)

_____

OPINION[*]

_____

PER CURIAM

    Adebisi Adigun petitions pro se for a writ of mandamus directing the United

States District Court for the Western District of Pennsylvania to either rule on his habeas

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

petition filed pursuant to 28 U.S.C. § 2241 or order the Government to respond to that habeas petition. For the reasons that follow, we will dismiss Adigun's mandamus petition in part and deny it in part.

I.

Adigun is a citizen of Nigeria. He is currently in removal proceedings here in the United States,[1] and he avers that he has been in immigration detention since May 2019. In January 2020, he filed a pro se § 2241 habeas petition in the District Court, seeking an order directing the Government to "conduct a bail hearing and release him on bail pending the outcome of his removal proceeding." (Habeas Pet. 1.)[2] On February 26, 2020, a United States Magistrate Judge entered a text-only order directing Adigun to complete, by March 18, 2020, "an election form either consenting to jurisdiction by the Magistrate Judge [under 28 U.S.C. § 636(c)] or electing to have a District Judge assigned to the case." (Dist. Ct. docket # 3.) Adigun completed that election form on or before March 5, 2020.

---

[1] In October 2019, an immigration judge ("IJ") denied Adigun's application for relief from removal and ordered Adigun's removal to Nigeria. Adigun's appeal from the IJ's decision is pending before the Board of Immigration Appeals.

[2] At that time, Adigun was detained at a prison located in the Western District of Pennsylvania. Accordingly, his habeas petition was properly filed in that district. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).

A few months later, Adigun brought this mandamus action, asking us to direct the District Court to either rule on his habeas petition or order the Government to respond to that petition. More recently, on August 10, 2020, the Magistrate Judge (1) directed the United States Marshal to serve Adigun's habeas petition on the Government, and (2) ordered the Government to respond to that petition within 60 days after service.

II.

To the extent that Adigun asks us to direct the District Court to order the Government to respond to his habeas petition, we will dismiss that request for mandamus relief as moot in light of the Magistrate Judge's August 10, 2020 order. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). As for Adigun's request that we direct the District Court to rule on his habeas petition, we will deny mandamus relief because he has not met the standard for this extraordinary relief. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (explaining that, to obtain a writ of mandamus, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances" (alteration in original) (internal quotation marks omitted)); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (indicating that a writ of mandamus is a drastic remedy that is available in extraordinary circumstances only). We recognize that, until recently, there had been little progress in Adigun's habeas proceedings. However, in light of the

Magistrate Judge's August 10, 2020 order, those proceedings are now moving forward, and thus we cannot conclude that the District Court is presently failing to exercise its jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (indicating that a writ of mandamus may issue when a district court's "undue delay is tantamount to a failure to exercise jurisdiction"). We trust that, once Adigun's habeas petition is ready for disposition, the District Court will rule on that petition without undue delay.

For the reasons explained above, we will dismiss Adigun's mandamus petition in part and deny it in part.